IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LEE ANN DUBAZ**                                                                                          **PLAINTIFF**

**VERSUS**                                                           **CAUSE NO.** 1:22cv354 HSO-BWR

**BILOXI PUBLIC SCHOOL DISTRICT,**                                              **DEFENDANT**

**JURY TRIAL DEMANDED**

---

### COMPLAINT
---

Plaintiff Lee Ann Dubaz sues for retaliation under the First Amendment of the United States Constitution. The following facts support the action:

1.

Plaintiff LEE ANN DUBAZ is an adult resident citizen of 1290 Yorkshire Drive, Biloxi, Mississippi 39530.

2.

Defendant BILOXI PUBLIC SCHOOL DISTRICT ("Defendant School District") is a political subdivision of the State of Mississippi. Defendant School District may be served with process upon its Superintendent, Marcus Boudreaux, 160 Saint Peter Street, Biloxi, Mississippi 39530. Defendant School District is sued by Lee Ann Dubaz for violation of the First Amendment of the United States Constitution.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, and civil rights jurisdiction under 28 U.S.C. § 1343, for a cause of action arising under the First Amendment of the United States Constitution.  This action is authorized by 42 U.S.C. § 1983.

4.

Plaintiff Lee Ann Dubaz is Vitoria Conway's mother and was employed by Defendant School District for around thirty-eight (38) years.  For approximately the last fifteen (15) years, Dubaz was employed as the Administrative Assistant to the Superintendent and as the Board Clerk.  Around 2008, the School District Historian duties were added to Plaintiff Dubaz's duties.  Plaintiff Dubaz's ordinary job duties did not include reporting illegal activity.

5.

Victoria Conway reported various illegal criminal activities, including embezzlement of school property, to her mother, Plaintiff Dubaz, and to Jane Meynardie, a trusted member of the Board of Trustees.  Conway and Dubaz had direct personal knowledge of some of these activities due to their positions.

6.

However, some of the complaints which they discussed were complaints made by other School District employees.  Conway and Dubaz told Meynardie about the illegal activities in which both Superintendent Arthur McMillan and Chief Financial Officer Shane Switzer were involved. Jane Meynardie typed up the information she received from Conway and Dubaz and reported it to the School Board President, Gavin Schmidt.  Schmidt thanked Plaintiff Dubaz for reporting the illegal activity.  The illegal activity of which Conway and Dubaz had personal knowledge was the

use of School District funds for the benefit of former Superintendent McMillan to pay for supplies and equipment used in the wedding of McMillan's daughter, as well as use of school equipment without recompense and the use of labor by school employees, during school hours at the school's expense, to deliver and set up tables, and to perform other work for the wedding.

7.

Rather than correct the illegal acts or, at least, launch an investigation, the School Board reported the fact that these complaints were made to McMillan. The day after the illegal acts were reported to the Superintendent, the retaliation against both Conway and Plaintiff Dubaz commenced. McMillan yelled at and threatened Plaintiff Dubaz.

8.

In addition to reporting the illegal activities to the School Board, Conway assisted her mother, Plaintiff Dubaz, who reported the matters to the Mississippi Office of the State Auditor. A State Auditor's investigation of Defendant School District began in approximately October 2018, as a result of the reports which Plaintiff and her mother had made.

9.

Superintendent McMillan and/or Chief Financial Officer Switzer, knew Conway and Plaintiff Dubaz were the likely source of the complaints because only they would have personal knowledge of some of the illegal activities on the list prepared by them, and which they provided to the School Board of Trustees. Rather than correct the complaints, McMillan and Switzer decided to take retaliatory action against Conway. They caused Conway's immediate supervisor, Dixie Eleuterius, to begin a pattern of harassment against Conway based on their belief that Conway was a person who was reporting the illegal activity. Eleuterius' harassment of Conway consisted of refusing to speak

to her, slamming doors and file cabinets, tossing paperwork, and shutting Conway out of her office. The mistreatment became so severe that Conway suffered psychological harm, necessitating psychological treatment.

10.

Additionally, Conway wrote a letter of complaint on November 13, 2018, describing the harassment she was suffering because of her and her mother, Plaintiff, reporting illegal activity. The contents of the letter were reported in the news media. The letter and the newspaper article were published on November 15, 2018, and again on November 20, 2018.

11.

Conway and Plaintiff Dubaz reporting illegal criminal activity, and Conway writing a letter of complaint about retaliation, is speech protected by the First Amendment of the United States Constitution. Conway writing the letter is not part of her ordinary job activities, and the contents of the letter, public corruption and wasting taxpayers' money, are certainly matters of public concern.

12.

In July 2019, Conway learned through notification from her health insurer, that her at-will employment had been terminated. The real reason for the termination of Conway's at-will employment was that she reported illegal activity, and wrote a letter on a matter of public concern complaining of the retaliation against her. The decision to terminate Conway was the official policy decision of Defendant School District, or was the result of Defendant School District's grossly negligent failure to supervise its agents, who caused Conway's termination. The official policy decision of the termination of Conway's at-will employment was made by either the School Board Trustees or the School District superintendent, or both.

13.

In January 2020, Plaintiff Dubaz was demoted by being removed from her position of administrative assistant to the superintendent. Plaintiff Dubaz was also moved from her office, and even though there were other offices open in the building, she was moved to a different building. Plaintiff Dubaz's office became an old conference room which initially had no computer nor a working phone. Plaintiff Dubaz retained her duties as the board clerk, but the board only met once a month and those job duties could be done in around three (3) days. The rest of the time was spent in this isolated office trying to find things to do. Dubaz asked for a job description, but was never given one. Clearly, Defendant School District was trying to bore Dubaz to death so she would leave.

14.

Plaintiff Dubaz had no plans to retire because she loved her job before the demotion. However, after around seventeen (17) months of isolation, she could not take it any longer. Dubaz took an early retirement, and resigned effective May 31, 2021. This was not a voluntary resignation but, instead, a constructive discharge.

15.

Plaintiff Dubaz has suffered lost income from being forced to resign before full retirement age, and mental anxiety and stress as a proximate result of the retaliatory actions taken against her.

16.

Defendant School District is liable to Plaintiff Dubaz for retaliating against her for exercise of rights protected by the First Amendment.

## REQUEST FOR RELIEF

Plaintiff Dubaz requests actual damages against the Defendant School District, including lost income and mental anxiety and stress damages in an amount to be determined by a jury. Plaintiff Dubaz also requests an award of reinstatement to her administrative assistant position, and requests reasonable attorneys' fees and expenses.

RESPECTFULLY SUBMITTED, this the 29th day of December, 2022.

                        LEE ANN DUBAZ, Plaintiff

By: */s/ JIM WAIDE*
Jim Waide, MS Bar No. 6857
waide@waidelaw.com
Ron L. Woodruff, MS Bar No. 100391
rlw@waidelaw.com
Rachel Pierce Waide, MS Bar No. 100420
rpierce@waidelaw.com
WAIDE & ASSOCIATES, P.A.
332 North Spring Street
Tupelo, MS 38804-3955
Post Office Box 1357
Tupelo, MS 38802-1357
(662) 842-7324 / Telephone
(662) 842-8056 / Facsimile

Virginia L. LoCoco, MS Bar No. 8483
virginia.lococo@lococolaw.com
LOCOCO & LOCOCO, PLLC
10243 Central Avenue
D'Iberville, MS 39540-4903
Post Office Box 6014
D'Iberville, MS 39540-6014
(228) 392-3799 / Telephone
(228) 392-3890 / Facsimile

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

This will certify that undersigned counsel for Plaintiff has this day filed the above and foregoing with the Clerk of the Court, utilizing the federal court electronic case data filing system (CM/ECF), and which is being sent to the following via email:

**COUNSEL FOR DEFENDANT BILOXI PUBLIC SCHOOL DISTRICT**:
**Jay M. Atkins, Esquire**
**McAngus, Goudelock, and Courie, LLC**
**119 North 9th Street**
**Oxford, MS 38655-3129**
**jay.atkins@mgclaw.com**
**elizabeth.waddell@mgclaw.com**
**shannon.hopple@mgclaw.com**
**denise.arendale@mgclaw.com**
**erica.lloyd@mgclaw.com**

**Ronald G. Peresich, Jr., Esquire**
**Page, Mannino, Peresich & McDermott, PLLC**
**Post Office Drawer 289**
**Biloxi, MS 39533-0289**
**brenda.smith@pmp.org**
**Lisa.Pinkowski@pmp.org**
**r.j.peresich@pmp.org**
**cherri.nickoles@pmp.org**
**ryon.langlinais-ryan@pmp.org**

DATED, this the 29th day of December, 2022.

*/s/ JIM WAIDE*
JIM WAIDE

STATE OF MISSISSIPPI

COUNTY OF Harrison

PERSONALLY came and appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named LEE ANN DUBAZ, who, after being first duly sworn, states under oath that the facts contained in the above and foregoing COMPLAINT are true and correct as stated therein.

_____
LEE ANN DUBAZ

GIVEN under my hand and official seal of office on this the 29 day of December, 2022.

(SEAL)

_____
NOTARY PUBLIC

My Commission Expires: 10-26-24